631 So.2d 103 (1994)
Jarrod FORET,
v.
TERREBONE, LTD., ABC Insurance Co., Clint Waguespack, XYZ Ins. Co., DEF Co., and GHI Insurance Company.
No. 93-CA-676.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 1994.
Rehearing Denied February 17, 1994.
*104 Kevin B. Liebkemann, Metairie, for plaintiff-appellant.
J. Douglas Sunseri and William W. Hall, Metairie, for defendants-appellees.
Before GAUDIN, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
Plaintiff, Jarrod Foret, has devolutively appealed the trial court's order granting the defendants, Terrebonne, Ltd. and Clint Waguespack preliminary and permanent injunctions.
This case begins on September 6, 1991, with Jarrod Foret allegedly injuring his fingers on the blade of an electric saw owned by Terrebonne, Ltd. and Clint Waguespack while in the course and scope of his employment. A disputed compensation claim is pending.
Additionally, as a result of this accident, on September 4, 1992, plaintiff filed a Petition for Damages against the defendants based on negligence and strict liability. The defendants failed to timely answer and plaintiff was granted a $30,000.00 default judgment which has been affirmed by this court.
Unsuccessful on a suspensive appeal, defendants filed a petition to annul the $30,000.00 default judgment, and continued therein were requests for a temporary restraining order and a hearing for preliminary and permanent injunctions prohibiting enforcement of the money judgment until the nullity trial could be heard. The trial court granted defendant's TRO and set a hearing for the preliminary injunction. After the preliminary injunction hearing the trial court granted a permanent injunction against the plaintiff's enforcement of his money judgment. No trial on plaintiff's Petition to Annul has been held.
Plaintiff argues that any order by the trial court granting preliminary and permanent injunctions was improper, contrary to law and should be reversed.
The sole issue on appeal is whether the trial court properly granted injunctions prohibiting *105 the enforcement of a default money judgment after this judgment had been affirmed, but during the pendency of a collateral attack to annul the judgment.
Defendants argue that the default money judgment was obtained only after plaintiff's counsel had agreed not to take adverse action against defendants until notification to defense counsel. Although we do not believe this would be sufficient to impose fraud, we do believe that a hearing should be held to gather adequate facts to establish illpractice. LSA-C.C.P. art. 2004 provides that any final judgment obtained by ... ill practices may be annulled. Our jurisprudence outlines two criteria for this determination (1) when the circumstances under which the judgment was rendered show the deprivation of the legal rights of the litigant who seeks relief and, (2) when the enforcement of the judgment would be unconscionable and inequitable.
Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780 (La.App. 5th Cir.1991) and Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). "Ill practice" has been broadly defined as any improper practice or procedure which operates, even innocently, to deprive a litigant of some legal rights. Homer National Bank v. Nix, 566 So.2d 1071 (La. App. 2nd Cir.1990) and Gramm v. Brock, 430 So.2d 199 (La.App. 2nd Cir.1983). The "legal right" of which a litigant must be deprived to have a judgment annulled has been defined as the opportunity to appear and assert a defense. Johnson v. Jones-Journet, 320 So.2d 533 (La.1975). When ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing "how he was prevented or excused" from asserting his claims or defenses, Gramm, supra.
Defendants allege that the default judgment was obtained while settlement negotiations were occurring and where there was an agreement not to take adverse action which would deprive defendants of their "day in court" i.e., their "legal rights".
We find that conduct which prevents an opposing party from having an opportunity to appear in court or assert a defense through pleading constitutes a deprivation of legal rights. The allegations raises concern over the lawful entry of this default.
As a matter of law, a preliminary injunction is an interlocutory procedural device designed to preserve the existing status quo pending a trial of the issues on the merits of the case. Federal National Mortgage Association v. O'Donnell, 446 So.2d 395 (La.App. 5 Cir.1984). The applicant for a preliminary injunction need make only a prima facie showing that he will prevail on the merits. The preliminary injunction requires less proof than is required in an ordinary proceeding for permanent injunction. Federal National Mortgage Association v. O'Donnell, supra; General Motors Acceptance Corporation v. Daniels, 377 So.2d 346 (La.1979).
The issuance of a permanent injunction takes place only after a trial on the merits, in which the burden of proof must be founded on a preponderance of the evidence, rather than a prima facie showing. Bollinger Machine Shop v. U.S. Marine, Inc., 595 So.2d 756 (La.App. 4 Cir.1992); Picard v. Choplin, 306 So.2d 918 (La.App. 3 Cir.1975); State Board of Education v. Anthony, 289 So.2d 279 (La.App. 1 Cir.1973).
The trial court's finding of fact in a preliminary or permanent injunction proceeding must be reviewed for manifest error. Pogo Producing Company v. United Gas Pipeline Co., 511 So.2d 809, 812 (La.App. 4th Cir.1987). The manifest error rule not only recognizes that the trial judge is best situated to evaluate the credibility of live witnesses, but also effectuates the proper allocation of trial and appellate functions between the respective courts.
Defendants' action to annul plaintiff's default judgment seeks an equitable remedy of enjoining execution of the judgment until a trial is held on whether the default judgment should be vacated. We find the trial court correctly granted injunctive relief to the defendants because it enjoined plaintiff's course of action which may be in violation of law.
*106 Although we find no legal necessity to find irreparable harm, we agree with the trial court that denying defendants injunctive relief in this case would cause them such harm. Should we fail to maintain the status quo until the merits of the nullity trial is heard we believe defendants may be deprived of recovery in the event the default judgment is vacated. There would be added expenses for duplication of judicial proceedings.
For the above reasons, we find the trial court decision without error and accordingly, affirm.
AFFIRMED