671 So.2d 404 (1995)
STATE of Louisiana, Through the DEPARTMENT OF SOCIAL SERVICES, OFS, Support Enforcement Services, in the Interest of Jamie Brown, Minor Child of Wonona Brown
v.
Derek JONES.
No. 94 CA 2605.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
*405 Shelly Carter, Baton Rouge, for Plaintiff/Appellee State of Louisiana, Department of Social Services.
Steve LeBlanc, Baton Rouge, for Defendant/Appellant, Derek Jones.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
*406 CARTER, Judge.
This is an appeal from a trial court judgment, maintaining a peremptory exception pleading the objection of prescription, in a suit for nullity.

FACTS
On November 19, 1990, Wonona Brown gave birth to a son. Thereafter, Ms. Brown began receiving AFDC (Aid to Families with Dependent Children) benefits. Derek Jones, the child's alleged father, failed to provide support for his son. On September 4, 1991, pursuant to LSA-R.S. 46:236 et seq., the State of Louisiana, through the Department of Social Services, Office of Enforcement Services, (the Department) filed a petition to establish paternity and for child support. The Department also filed a request for written admissions of fact.[2] Although Jones was served with a copy of the petition on September 11, 1991, he failed to file an answer to the Department's petition.
On December 4, 1991, the Department filed a motion for preliminary default, which was entered on December 20, 1991. A confirmation hearing on the preliminary default was held on April 9, 1992. Pursuant to factual findings by the hearing officer and the assertions contained in the request for admissions, which were deemed admitted, the trial court rendered judgment on April 24, 1992, finding that the minor child was the natural child of Jones and determining that Jones owed child support of $355.00 per month, retroactive to September 15, 1991.
On May 20, 1993, Jones filed a petition to modify and to set aside the default judgment. In his petition, Jones alleged that, subsequent to service of the petition for paternity, he contacted the attorney for the Department and made arrangements for blood tests to establish paternity and that, despite this arrangement, no blood tests were ever performed. Jones further alleged that various members of Ms. Brown's family have indicated that he is not the father of the minor child. Moreover, Jones alleged that, at the time of the conception of the minor child, Ms. Brown was married to another man, who is the minor child's presumptive father.
In his petition, Jones also sought to modify the support award on the grounds that he was terminated from the position he held at the time the paternity action was filed against him and that he was injured in an automobile accident on February 25, 1993, which resulted in the loss of one of his legs. As a result, Jones claimed he is disabled, is unemployed, and has no income to pay child support.[3]
Thereafter, on May 25, 1994, Jones amended his petition to set aside the judgment, contending that, at the time the original petition for paternity was filed, he was under the influence of prescribed narcotic medication, which prevented him from understanding the nature or consequences of the proceeding and that he was not aware that he had been adjudicated to be the child's legal father until February 25, 1993.
In response thereto, the Department filed a peremptory exception pleading the objection of prescription. In its exception, the Department alleged that an action for nullity on the grounds of fraud or ill practices must be filed within a year of the discovery of the fraud or ill practice. The Department further alleged that defendant had been personally served with a copy of the petition for paternity and that no promises had ever been made to him regarding any blood tests. The Department concluded that, since more than a year elapsed from the date of the signing of the judgment of paternity, the action for nullity had prescribed.
After a hearing, the trial judge rendered judgment, maintaining the Department's exception pleading the objection of prescription and dismissing Jones's petition for nullity with prejudice. From this adverse judgment, *407 Jones appeals, assigning the following errors:
1. The Court was in error in sustaining the Appellee's Exception of Prescription to the Appellant's action to nullify and set aside the Default Judgment.
2. The Family Court judge was in error in not setting aside the default judgment.
3. The Family Court judge was in error in not ordering DNA blood tests in this case.

ACTION FOR NULLITY
LSA-C.C.P. art. 2004 provides that any final judgment obtained by fraud or ill practices may be annulled. Foret v. Terrebone, Ltd., 93-676 (La.App. 5th Cir. 1/25/94), 631 So.2d 103, 105. LSA-C.C.P. art. 2004 is not limited to cases of actual fraud or intentional wrongdoing. State Department of Health and Human Resources, Office of Family Security v. Duvigneaud 602 So.2d 792, 793 (La.App. 4th Cir.1992). "Ill practice" is any improper practice or procedure which operates, even innocently, to deprive a litigant of some legal right. Collins v. Estrade, 93-977 (La.App. 5th Cir. 5/11/94), 638 So.2d 275, 279; Foret v. Terrebone, Ltd., 631 So.2d at 105. The "legal right" of which a litigant must be deprived to have a judgment annulled has been defined as the opportunity to appear and assert a defense. Foret v. Terrebone, Ltd., 631 So.2d at 105. In other words, conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights. Collins v. Estrade, 638 So.2d at 279. Thus, when a party fails to defend a suit because of the failure of the opposing party to warn him that a default would be taken, this judgment may be annulled when the parties had an agreement to give notice of any action taken on the suit or the defaulted party relied on facts which he reasonably believed created such an agreement, and the enforcement of the judgment would be unconscionable and inequitable. Collins v. Estrade, 638 So.2d at 279.
The jurisprudence outlines two criteria for a determination that a judgment has been obtained through fraud or ill practices, namely (1) when the circumstances under which the judgment was rendered show the deprivation of the legal rights of the litigant who seeks relief and, (2) when the enforcement of the judgment would be unconscionable and inequitable. Collins v. Estrade, 638 So.2d at 278; Foret v. Terrebone, Ltd., 631 So.2d at 105.
The burden of so proving is upon the plaintiff in the nullity action. Burkett v. Property of Douglas, 575 So.2d 888, 891 (La. App. 2nd Cir.1991). Therefore, when ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing "how he was prevented or excused" from asserting his claims or defenses. Foret v. Terrebone, Ltd., 631 So.2d at 105. Additionally, reliance upon LSA-C.C.P. art. 2004 requires that an action to annul a judgment be brought within one year of the discovery of the fraud or ill practice. Federated Fry Metals v. Hoffman, 94-0175 (La.App. 4th Cir. 5/26/94), 637 So.2d 1250, 1252; Bernard v. Fireside Commercial Life Insurance Company, 633 So.2d 177, 184 (La.App. 1st Cir.1993), writ denied, 93-3170 (La. 3/11/94), 634 So.2d 839; State Department of Health and Human Resources, Office of Family Security v. Duvigneaud 602 So.2d at 793.
In the instant case, Jones filed a petition to annul the default judgment of paternity on the grounds that he had been advised by counsel for the Department that blood tests would be taken, but that the judgment was rendered against him without any such blood tests. Jones also alleged that he was on prescription medication at the time of the original suit for paternity and does not remember anything about the proceedings. Jones alleged that he first became aware of the default judgment of paternity in February of 1993 and that the suit to annul the judgment, filed within two months of that time, was timely.
At the hearing on the motion for nullity, Jones testified that, on September 11, 1991, when he was served with the original petition for paternity, he was taking prescription pain medication. Jones testified that he only vaguely recalls receiving a copy of the petition. Although Jones testified that he telephoned the Department on the day of service and recalls being informed that a blood test *408 would be scheduled, he remembered nothing more about the conversation. Jones testified that he did not recall any of these events until he was hospitalized on February 25, 1993, at which time he learned of the default judgment of paternity. However, Jones acknowledged that he returned to work as a caustic operator after September 11, 1991.
Shelly Carter, staff attorney for the Department, testified that she was the attorney in the action for paternity instituted against Jones. Carter testified that she maintains a diary of contacts with parties on all cases. Carter's diary entry for September 11, 1991, reveals that, on that date, she received a telephone call from Jones and that Jones wanted to acknowledge the minor child and made arrangements to do so. According to Carter, Jones failed to appear to execute an acknowledgement. Carter further testified that, if the defendant in a paternity case desires to take a blood test, the normal procedure is to file a joint motion and order for paternity testing, which was not done in this case.
After reviewing this testimony and other documentary evidence presented at the trial of the matter, the trial judge, in oral reasons for judgment, determined that the evidence shows that Jones failed to establish any fraud or ill practice occurred or that his action was instituted within a year of any fraud or ill practice.
After reviewing the entire record in this matter, we find that Jones's petition for nullity, which was filed on May 20, 1993, was filed more than one year after he was served with the petition for paternity (September 11, 1991) and more than one year after the default judgment was rendered against him (April 24, 1992). Although Jones alleged in his petition for nullity that he did not discover the judgment had been taken, Jones failed to establish this allegation at trial. Moreover, while it may be argued that Jones may have believed that blood tests would be taken, he was put on notice that such was not the case when he did not receive any motion or order to appear for such blood tests subsequent to his conversation with Carter.
Moreover, Jones was given ample time to file responsive pleadings, and there appears to be no excuse for not filing an answer, even a general denial. However, Jones failed to do so, and the Department legally obtained a default judgment against him. We cannot say that the circumstances under which the paternity judgment was rendered show that Jones was deprived of any legal rights or that the enforcement of the judgment would be unconscionable and inequitable.[4]

CONCLUSION
For the above reasons, the judgment of the trial court, maintaining the exception pleading the objection of prescription and dismissing Jones's action for nullity, is affirmed. Jones is cast for all costs.
AFFIRMED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] The request for admissions of fact concerned statements that Jones had sexual relations with Ms. Brown from December, 1989, through April, 1991, that Jones acknowledged the minor child as his own, that Jones failed to provide the minor child with support, and that Jones is capable of contributing support for the minor child.
[3] On September 12, 1994, the trial court rendered judgment, terminating Jones's child support obligation retroactive to May 20, 1993. The judgment terminating child support was signed on November 4, 1994. The judgment terminating child support is not before us on appeal.
[4] At the hearing and on appeal, Jones argued that the evidence at a trial on the merits of the paternity action would show that he is not the biological father. However, the law is well settled that an action for nullity is not intended as a substitute for an appeal or as a second chance to prove a claim which was previously denied for failure of proof. See Clulee v. Louisiana Materials Company, Inc., 590 So.2d 780, 784 (La.App. 5th Cir.1991), writ denied, 594 So.2d 1323 (La. 1992). The proper procedure to remedy a failure of proof is through a motion for new trial and/or an appeal from the original judgment of paternity.