705 So.2d 293 (1997)
STATE of Louisiana
v.
Paul TURNER.
No. 97-CA-0396.
Court of Appeal of Louisiana, Fourth Circuit.
December 23, 1997.
*294 Harry Connick, District Attorney of Orleans Parish, Elizabeth P. Duffy, Bradley Naccari, Assistant District Attorneys of Orleans Parish, New Orleans, for State/Appellant.
Before BARRY, WALTZER and LANDRIEU, JJ.
BARRY, Judge.
A hearing officer recommended that a consent judgment relating to child support be nullified. The State appealed and juvenile court nullified the judgment. The State appeals. We reverse and remand.
On January 13, 1986 the State filed a bill of information in juvenile court charging Paul Turner with criminal neglect of family.[1] Subsequent hearings were held in juvenile court. On July 20, 1993 the State filed a rule to show cause why an increase in child support should not be granted. According to an October 20, 1993 minute entry, Turner was earning $22,000 yearly. At a January 25, 1994 hearing Turner, his counsel Brenda Turner, and the assistant district attorney signed a consent judgment in which Turner agreed to pay $225.00 semi-monthly ($150.00 for each of the three children per month) starting February 1, 1994.
On March 28, 1995 the State filed for contempt because Turner did not pay accrued child support of $4,589.35. On April 7, 1995 Turner filed a motion for reduction/suspension of child support claiming he was unemployed and on January 25, 1994 when he signed the consent judgment. In his memorandum Turner's attorney argued that Turner was receiving unemployment compensation at the time of the January 25, 1994 judgment, that he was not aware of his client's unemployed status, and that the State withheld that information. Therefore, due to an error Turner's consent is vitiated as to the consent judgment. The memo requested that the rule for contempt be dismissed and the January 25, 1994 judgment be annulled or child support be reduced or suspended retroactively to the date of the consent judgment. The State's memorandum argued that Turner was represented by counsel and agreed to the judgment, there was no deprivation of legal rights, and the judgment should not be annulled. If granted, the State contended that the rule to suspend/reduce should be limited to the time after Turner's motion was filed.
The hearing officer construed Turner's motion to be an action for nullity. In reasons the hearing officer stated that the State utilized Department of Labor records for the first three quarters of 1993 which showed Turner's weekly salary was $1,620.00. The fourth quarter was blank. According to the hearing officer, the State was given an opportunity to produce updated DOL records to show that Turner was working during the fourth quarter of 1993 and the first quarter of 1994, but no record was produced. The hearing officer concluded that Turner was unemployed at the time of the consent judgment and it would be unconscionable and inequitable to enforce the consent judgment. *295 The hearing officer agreed with defense counsel's claim that the action for nullity was brought within one year from discovery of the fraud or ill practice and recommended that the consent judgment be nullified on June 5, 1996. The State appealed the recommendation.
On December 13, 1995 Turner's counsel argued to juvenile court that Turner had not informed him of Turner's unemployed status prior to the consent judgment. Turner told his counsel one and one-half years later when the State filed the motion for contempt. Counsel stated that he did not know why Turner did not reveal his unemployed status, but pointed out that Turner had a sixth grade education. Turner's counsel contended it would be unconscionable to make Turner pay $450 monthly for child support while he was unemployed. In the transcript juvenile court concluded that the consent judgment was based on "at least some confusion." The court stated: "I don't think the District Attorney deliberately withheld anything from the defense. And God knows why the defense withheld the fact that the man was unemployed." The court further stated that it was "appalled" that the information was never brought forward. On December 13, 1996 (signed January 13, 1996) juvenile court upheld the hearing officer's recommendation and nullified the January 25, 1994 judgment.
The State's appeal argues that juvenile court erred by nullifying a consent judgment Turner signed on advice of counsel twenty-three months before. There was no appellee brief.
The record contains a Department of Labor notice stating that Turner received severance pay from 1/9/94 to 1/15/94. There is documentation that juvenile court obtained part of Turner's unemployment compensation: 5/7/94 to 6/11/94, $312.00; 6/18/94 to 6/25/94, $104.00; and 7/2/94 to 7/23/94, $246.00. There is also a document showing Turner's payment history: $60.00 on 1/3/95, 1/23/95, 3/6/95, 4/10/95, 5/2/95, 5/31/95, 6/19/95, 7/11/95, 7/27/95, 8/14/95, 10/10/95, 10/31/95, 1/17/96, 2/12/96, 3/6/96, and 4/15/96; and $100.00 on 9/15/95.
La. C.C.P. art. 2004 provides:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
La. C.C.P. art. 2004 is not limited to actual fraud or intentional wrongdoing. State, Through Department of Health and Human Resources v. Duvigneaud, 602 So.2d 792 (La.App. 4 Cir.1992). "Ill practice" is any improper practice which operates, even innocently, to deprive a litigant of some legal right. Id.; State, Through Department of Social Services v. Jones, 94-2605 (La.App. 1 Cir. 10/6/95), 671 So.2d 404. The "legal right" has been defined as the opportunity to appear and assert a defense. Foret v. Terrebone, Ltd., 93-676 (La.App. 5 Cir. 1/25/94), 631 So.2d 103.
A party seeking to annul a relatively null judgment for fraud or ill practices must assert such grounds in a separate direct action and not collaterally. Official Revision Comment (d) to art. 2004; Succession of Schulz, 622 So.2d 693 (La.App. 4 Cir.1993), writ denied 93-2605 (La.1/13/94), 631 So.2d 1161; Webster v. Boh Brothers Construction Co., Inc., 603 So.2d 761 (La.App. 4 Cir.1992). An action for nullity requires a petition with the adverse party cited to appear as in an ordinary suit. Roach v. Pearl, 95-1573 (La. App. 1 Cir. 5/10/96), 673 So.2d 691.
Courts determine that a judgment has been obtained through fraud or ill practices: 1) when circumstances under which the judgment was rendered showed deprivation of the legal rights of the litigant seeking relief; and 2) when enforcement of the judgment would be unconscionable and inequitable. Jones, 671 So.2d at 404.
A consent judgment is essentially a bilateral contract which is voluntarily signed by the parties and accepted by the court. It has binding force from the voluntary acquiescence of the parties, not from the court's adjudication. Borchardt v. Carline, 617 So.2d 970 (La.App. 4 Cir.1993), writ denied 620 So.2d 844 (La.1993). It may be invalidated when a unilateral error exists as to a fact which was the principal cause of the contract. Id.; Williams v. Williams, 586 *296 So.2d 658 (La.App. 2 Cir.1991). Consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. The error must concern a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art. 1949.
Turner did not file a direct action to nullify the consent judgment. He filed a collateral motion to suspend/reduce in the juvenile court case where he was charged with criminal neglect of family. In a memorandum Turner sought nullification of the prior consent judgment. The motion was filed more than one year after the January 25, 1994 consent judgment and beyond the prescriptive period under La. C.C.P. art. 2004. Turner knew he was unemployed when he signed the January 25, 1994 judgment. The State did not commit fraud or ill practices or withhold information. We conclude the trial court properly found no fraud on the part of the State which relied on available Department of Labor records. Turner was represented by counsel and was not deprived of any legal right.
There was no basis to nullify the consent judgment. The juvenile court judgment nullifying the January 25, 1994 consent judgment is hereby reversed and the matter is remanded for further proceedings.[2]
REVERSED; REMANDED.
NOTES
[1] Juvenile court minute entries note a prior divorce in civil district court.
[2] Turner's account must be credited for any amounts paid or taken from his unemployment compensation. The juvenile court has discretion in determining the child support total which must be paid to avoid contempt and can reduce or suspend the payments pursuant to Turner's motion.