769 So.2d 694 (2000)
Marsha Green Wife of/and Millard GREEN
v.
Bobby E. NEESE, d/b/a Magic Carpet Care.
Magic Carpet Care and Bobby Neese
v.
Millard and Marsha Green.
Nos. 99-CA-3223, 99-CA-3224.
Court of Appeal of Louisiana, Fourth Circuit.
September 20, 2000.
*695 Ammon L. Miller, Jr., Law Offices of Ammon L. Miller, Jr., New Orleans, Louisiana, Attorney for Appellee.
Janie W. Kehr, Law Offices of Janie W. Kehr, Inc., New Orleans, Louisiana, Attorney for Appellant.
Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, Sr., and Judge TERRI F. LOVE.
JONES, J.
Defendant/Appellant, Bobby E. Neese and Magic Carpet, Inc., (collectively referred to as Magic Carpet), appeal the judgment of the district court, which granted a default judgment in favor of the plaintiffs/appellees, Marsha and Millard Green (collectively referred to as the Greens). After reviewing the record, we hereby amend the judgment of the district court, affirm as amended and remand.

FACTS
On April 5, 1999, the Greens filed a Petition for Damages against Magic Carpet for Breach of Contract in the Civil District Court, Division "G" (Civil G). The contract at issue involved the installation of tile at the plaintiffs' home in New Orleans. Prior to service of this petition, Magic Carpet filed a similar Petition for Damages for Breach of Contract against *696 the Greens in First City Court Division "B" (First B) for Orleans Parish on April 27, 1999.
On May 5, 1999, the Greens filed a Motion to Transfer and Consolidate in Civil G, requesting that the First B case be consolidated with the Civil G case. After realizing that the motion was improperly filed in Civil G, the Greens then filed the same motion in First B on May 7, 1999. The presiding judge in First B subsequently granted the motion. The Clerk for the Civil District Court allotted the case another number and assigned it to Division J of the Civil District Court.
The Greens filed an Answer to Magic Carpet's petition in First B on May 11, 1999. On this same day, the Greens filed another Motion to Consolidate and Transfer in Civil G, seeking to have the Civil G case consolidated with the Civil J case. The district court for Civil G assigned the matter to be heard on June 18, 1999. Magic Carpet received service of the second motion to consolidate on June 14, 1999. Notwithstanding the service of the petition on June 14th, neither Magic Carpet nor its attorney attended the scheduled hearing to argue the motion to consolidate. Because Magic Carpet failed to attend the hearing, the district court for Division G granted the Greens' motion on June 23, 1999. Further, Magic Carpet did not seek to have the district court reconsider its ruling nor did it seek supervisory writs.
On June 28, 1999, Magic Carpet received service of the Civil G petition, which was filed on April 5th. Magic Carpet did not file any responsive pleadings after receiving service of the Civil G petition. Therefore, on July 16, 1999, the Greens filed a Motion for Preliminary Default, which was later confirmed on July 29, 1999. On September 15, 1999, Magic Carpet filed a Motion to Set Aside the Judgment. The district court scheduled the matter for a hearing October 11, 1999. After hearing the arguments of counsel, the district court denied Magic Carpet's motion, but granted his Motion for Appeal.

NOTIFICATION
In his first assignment of error, Magic Carpet argues that the default judgment should be reversed by this Court because he failed to receive timely notification of the petition filed in Civil District Court, Division G. More specifically, Magic Carpet argues that the district court, in granting the default judgment in favor of the Greens, had deprived them of their legal rights in violation of LSA-C.C.P. art. 2004. Thus, Magic Carpet argues that this Court should annul the default judgment because of "ill practices" because the judgment rendered by the district court was obtained prior to the defendants receiving proper notification.
In rebuttal, the Greens argue that Magic Carpet was indeed notified of the attempt to consolidate both Civil G and First B into the district court's docket. The Greens also argue that Magic Carpet's refusal to contest the motion to consolidate constituted a waiver of all defenses to the motion. Further, Magic Carpet's failure to file an answer to the Civil G petition prior to confirmation of the default judgment on July 29, 1999, was the grounds for the granting the judgment. Thus, the Greens contend that the default judgment was proper. We agree.
According to LSA-C.C.P. art. 2004, "ill practices" are defined as any improper practice or procedure which operates, even innocently, to deprive a litigant of some legal right. Morehead v. Ford Motor Co., 30,207 (La.App. 2 Cir. 2/25/98), 709 So.2d 861. (Emphasis added). The "legal right" of which a litigant must be deprived to have a judgment annulled has been defined as the opportunity to appear and assert a defense. Id. However, before the reviewing court can annul the judgment, it must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing "how he was *697 prevented or excused" from asserting his claims or defenses. Foret v. Terrebone, Ltd., 93-676 (La.App. 5 Cir. 1/25/94), 631 So.2d 103; see also State v. Turner, 97-0396 (La.App. 4 Cir. 12/23/97), 705 So.2d 293.
In Meshell v. Russell, 589 So.2d 86 (La.App. 2 Cir.1991), the plaintiff filed suit in Sabine Parish against the defendant and his insurer regarding an automobile accident in De Soto Parish. The defendant received domiciliary service of the petition and transferred it to his insurer so that legal representation could be obtained and responsive pleadings could be filed.
After realizing that the lawsuit was in the wrong venue and prior to filing an answer to the lawsuit, the plaintiff filed an ex parte motion in Sabine Parish to have the matter transferred to DeSoto Parish. One day after the motion had been filed, the district court granted the motion and the matter was transferred to DeSoto Parish. Neither the defendant nor his insurer had received separate service of the motion to transfer before it was granted by the district court.
Approximately six days after the motion to transfer had been granted, the plaintiff sought a preliminary default, which was later confirmed. In its reasons for granting the default judgment, the district court noted that the defendant had failed to appear or answer the petition, and that evidence was admitted to show that the defendant was primarily responsible for the injuries sustained by the plaintiff in the automobile accident. The defendant immediately appealed the judgment of the district court.
In reversing the district court's judgment, our brethren at the Second Circuit noted that it was highly prejudicial to render a default judgment against the defendant when he did not received service of the motion to transfer prior to confirmation of the default judgment. The Second Circuit went on to say that the plaintiff's failure to serve the defendant with the motion to transfer tainted the subsequent default judgment and mandated a reversal. In other words, the reviewing court concluded that service of the pleading upon the defendant would have afforded him an opportunity to learn of the miscommunication, which resulted in his lack of legal representation. Meshell, 589 So.2d at 88.
According to the record in the instant case, the plaintiffs' attorney attached a Certificate of Service to both motions for transfer and consolidate; hence, the certificates suggest to us that the attorney for Magic Carpet was aware of the pending proceedings. The record further indicates that although Magic Carpet later received personal service of the Civil G petition on June 28, 1999, Magic Carpet failed to file any responsive pleadings to the Civil G petition before the default judgment was confirmed on July 29, 1999. Accordingly, we find no error in the district court's denial of Magic Carpet's Motion to Set Aside the Judgment.

LACK OF JURISDICTION
In its last assignment of error, Magic Carpet argues that the district court lacked the requisite jurisdiction to grant the motion to transfer and consolidate the First City court case to the docket of the Civil District Court. Magic Carpet also argues that neither the plaintiffs' cause of action nor the amount of damages claimed was sufficient to warrant a trial by jury at the district court level.
In rebuttal, the Greens argue that this Court should not entertain the arguments posed by Magic Carpet. Specifically, the Greens argue that all defenses relative to the appropriateness of transferring and consolidating these actions had been waived by Magic Carpet when it failed to appear and present these arguments to the district court at the hearing on the motion. We disagree.
The record on appeal includes the pleadings, court minutes, transcript, jury instructions, judgments, and other rulings unless otherwise designated. See *698 LSA-C.C.P. art. 2164; see also Thomas v. Connolly, 31,447 (La.App. 2 Cir. 1/20/99), 726 So.2d 1052; and Martin v. Martin, 95-0466 (La.App. 4 Cir. 10/26/95), 663 So.2d 519, writ denied, 95-2806 (La.1/29/96), 666 So.2d 682. Consequently, facts referred to solely in arguments of counsel, in brief or otherwise, are not considered record evidence. Thomas, 726 So.2d at 1054. However, in this case, we note that arguments regarding subject matter jurisdiction cannot be waived even in those rare circumstances where it is raised for the first time at the appellate level. See Colacurcio v. Ledet, 94-1798 (La.App. 4 Cir. 9/28/95), 662 So.2d 65.
According to LSA-C.C.P. art. 4842, the civil jurisdiction of a city court is concurrent with the district court in cases where the amount in dispute, or value of the property involved, does not exceed twenty thousand dollars. (Emphasis added). In other words, the litigant who is prosecuting his claim has the option of selecting the court in which to prosecute his case. However, if the litigant selects a court of limited jurisdiction (i.e. city court), the district court is then divested of jurisdiction in that matter unless the matter is properly transferred. See LSA-C.C.P. arts. 3, 4843(D), and 4872. On the other hand, if the claim has a jurisdictional amount that is less than $20,000, then jurisdiction cannot be transferred to the district court; thus, jurisdiction remains with the city court until a final judgment is rendered. See LSA-C.C.P. art. 4872; see generally Walker v. Thap, 92-0016 (La.App. 4 Cir. 5/17/94), 637 So.2d 1150; and Horton v. State Farm Ins. Co., 25,943 (La.App. 2 Cir. 8/17/94), 641 So.2d 993.
In the instant case, Magic Carpet's First B petition alleged damages or a jurisdictional amount that was under $5,000. Therefore, the Civil District Court was statutorily prohibited from transferring or consolidating the First B case with the Civil G case. Thus, we amend the default judgment signed on July 29, 1999, to reflect that it only pertained to the petition filed by the Greens in Civil District Court. We also reinstate Magic Carpet's right to prosecute its claim in First City Court, and remand the matter to First City Court for further proceedings.

DECREE
For the foregoing reasons, we hereby amend the default judgment to reflect that its application only pertained to case originally filed in Civil District Court, and we affirm the judgment as amended. We also remand this case to the First City Court for further proceedings, and order all parties are to bare their own costs.
AMENDED AND AFFIRMED AS AMENDED; AND REMANDED.