PETTIGREW, J.
1 ?,Claimant appeals from the judgment of the workers’ compensation judge (“WCJ”) denying his motion to annul judgment. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
In this workers’ compensation dispute, claimant, Joseph J. Mike, III, filed a disputed claim for compensation alleging that he injured his lower back while lifting paint buckets during the course and scope of his employment with defendant, Bob’s Painting, on July 26, 2004. Bob’s Painting denied the allegations of Mr. Mike’s claim in its answer and later deposed Mr. Mike to question him regarding his medical and employment history. During his deposition, Mr. Mike denied any prior symptoms of low back pain and suggested that he had not had low back pain for some twenty-five years prior to his alleged work accident in 2004. Thereafter, Bob’s Painting subpoenaed Mr. Mike’s medical records, which directly contradicted Mr. Mike’s deposition testimony under oath.
Bob’s Painting subsequently filed a motion for summary judgment, asserting that there was no genuine issue as to any material fact and that it was entitled to summary judgment as a matter of law. Bob’s Painting argued that Mr. Mike made willful misstatements regarding his prior medical conditions in violation of La. R.S. 23:1208 and thus forfeited his right to workers’ compensation benefits.[1]
After several continuances of the hearing date on the motion for summary judgment, the matter was set for hearing on April 19, 2006, before the WCJ. According to the record, when the parties arrived for the hearing on said date, they were advised by the WCJ that the hearing could not go forward as scheduled because there was no court reporter present. The parties were given the option of either continuing the hearing to a | ¡¡later date when a court reporter could be present or submitting the matter on briefs for the WCJ’s consideration. The parties agreed that the matter would be submitted on briefs.[2] On *46 April 20, 2006, the WCJ rendered judgment granting the motion for summary-judgment in favor of Bob’s Painting finding that based on the evidence, Mr. Mike had violated La. R.S. 23:1208 and forfeited his right to workers’ compensation benefits.
Thereafter, Mr. Mike filed a timely motion for new trial, which the WCJ denied on May 2, 2006, noting that all issues had been considered. On May 30, 2006, Mr. Mike filed a “Notice of Appeal” with the WCJ indicating his intent to appeal the April 20, 2006 judgment granting the motion for summary judgment. However, no motion or order requesting an appeal was attached to same. Rather, on July 21, 2006, Mr. Mike submitted an order to the WCJ requesting a devolutive appeal, which order was denied as untimely by the WCJ on July 24, 2006.
Then, on April 18, 2007, Mr. Mike filed a motion to annul judgment, asking the WCJ to reverse the prior ruling granting summary judgment in favor of Bob’s Painting. Citing La.Code Civ. P. art.2004, Mr. Mike argued that the “judgment was rendered through improper practice” and would “serve to deprive [him] of his right to seek [workers’] compensation benefits, an inequitable result.” The matter proceeded to hearing on May 25, 2007, at which time the parties argued their respective positions and submitted the matter to the WCJ for consideration. After hearing from the parties and considering the evidence and applicable law, the WCJ ruled as follows:
I have thoroughly reviewed the law and the evidence, the memorandum that you all have cited, the argument. I believe that the underlying basis in which the Court made its ruling is solid. It’s a regrettable and unfortunate situation that brings us here today. Some 14degree of misunderstanding. However, I think the ruling is proper and the Motion to Annul is denied.
The WCJ signed a judgment in accordance with these findings on June 5, 2007.[3] It is from this judgment that Mr. Mike has appealed, assigning the following specifications of error:
1. The [WCJ] erred in finding that the enforcement of [its] April 20, 2006 ruling would not be inequitable or unconscionable.
2. The [WCJ] erred in finding that Mr. Mike’s legal rights were not impaired by the irregular procedure employed by the Court in granting the summary judgment and the defendant’s unserved motion to strike opposition exhibits.
DISCUSSION
According to La.Code Civ. P. art. 2004, any final judgment obtained by fraud *47 or ill practices may be annulled.[4] However, Article 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983). “Ill practice” is any improper practice or procedure that operates, even innocently, to deprive a litigant of some legal right. State Through Dept. of Social Services v. Jones, 94-2605, p. 3 (La.App. 1 Cir. 10/6/95), 671 So.2d 404, 407. The “legal right” of which a litigant must be deprived to have a judgment annulled has been defined as the opportunity to appear and assert a defense. Johnson v. Jones-Journet, 320 So.2d 533, 537 (La.1975). When ill practices are alleged, the court must examine the case from an equitable |fiviewpoint to determine whether the party seeking annulment has met the burden of showing “how he was prevented or excused” from asserting his claims or defenses. State Through Dept. of Social Services, 94-2605 at 4, 671 So.2d at 407 (quoting Foret v. Terrebonne, Ltd., 93-676 (La.App. 5 Cir. 1/25/94), 631 So.2d 103, 105).
A judgment is subject to nullification for fraud or ill practices when two criteria are met: (1) the circumstances under which the judgment was rendered show a deprivation of the legal rights of the litigant seeking relief; and (2) enforcement of the judgment would be unconscionable or inequitable. Mississippi Farm Bureau Mut. Ins. Co. v. Bailey, 2001-0674, p. 3 (La.App. 1 Cir. 3/28/02), 818 So.2d 214, 216.
It is imperative that courts review a petition for nullity closely as an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof. The purpose of an action for nullity is to prevent injustice that cannot be corrected through new trials and appeals. Belle Pass Terminal, Inc. v. Jolin, Inc., 2001-0149, p. 5 (La.10/16/01), 800 So.2d 762, 766. Trial courts are permitted discretion in deciding when a judgment should be annulled because of fraud or ill practices, to which discretion reviewing courts will defer. Wright v. Louisiana Power & Light, 2006-1181, p. 12 (La.3/9/07), 951 So.2d 1058, 1067.
On appeal, Mr. Mike argues that enforcement of the April 20, 2006 judgment, denying him his right to seek workers’ compensation benefits, would be unconscionable. Mr. Mike contends that on the morning scheduled for the hearing on the motion for summary judgment, his counsel agreed to submit the matter on briefs based on the assumption that the WCJ would be considering his exhibits and memorandum in opposition to the motion for summary judgment. Mr. Mike notes that the letter opposing the submission of this evidence was not served on his counsel prior to the hearing. Mr. Mike asserts that had his counsel known that the WCJ was even considering excluding this evidence, he would have chosen the alterna- *48 five option of allowing the WCJ to continue the hearing to a later date when a court reporter could be present. Claiming the above “represent significant and material deviations from | B'procedural norms,” Mr. Mike maintains that his legal rights have been impaired as he has been denied his day in court.
In response, Bob’s Painting acknowledges that although the lack of a court reporter was an unusual instance, it was appropriate for the WCJ to take the matter under advisement because the parties agreed to waive oral argument. Moreover, Bob’s Painting contends that even if Mr. Mike’s counsel was unaware of the opposition to his untimely exhibits and memorandum in opposition to the motion for summary judgment prior to the hearing date, he was fully aware of the objection to the late filing before making the decision to waive oral argument on the motion for summary judgment. Counsel for Bob’s Painting adds that both he and counsel for Mr. Mike were advised by the WCJ at the hearing “that the decision whether the [WCJ] would consider the objection of [Bob’s Painting] to [Mr. Mike’s] exhibits and untimely filed memorandum and the [WCJ’s] ruling on the Motion for Summary Judgment would be decided at the same time and the [WCJ] could not provide any guidance to the parties in this regard.” Bob’s Painting notes that Mr. Mike’s untimely exhibits and memorandum in opposition to the motion for summary judgment violate La.Code Civ. P. art. 966 and Uniform District Court Rule 9.9, both of which require opposition evidence to be served on all parties at least eight days before the scheduled hearing.
Louisiana Code of Civil Procedure article 966(B) provides, in pertinent part, as follows:
B. The motion for summary judgment and supporting affidavits shall be served at least fifteen days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Similarly, Rule 9.9(b) of the Louisiana Rules for District Courts sets forth the following:
A party who opposes an exception or motion must concurrently furnish the trial judge and serve on all other parties an opposition 17memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum must be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
Furthermore, Subsection (d) of Rule 9.9 provides that parties who fail to comply with subsection (b) “may forfeit the privilege of oral argument.” Thus, Bob’s Painting argues that Mr. Mike’s counsel had already forfeited his right to oral argument on the motion for summary judgment by his untimely filing of his opposition memorandum.
With regard to the motion to annul, Bob’s Painting argues that Mr. Mike “is *49 attempting to take another bite of the apple and argue on a nullity action the grounds in which he could have timely filed a devolutive and/or suspensive appeal of the trial court’s summary judgment.” Bob’s Painting notes further:
[Mr. Mike] and/or his counsel simply failed to submit to the [WCJ] a Motion and an Order for Devolutive Appeal until the time delays permitted by law had passed. Again, an action for a nullity of Judgment is not a substitute for the appeal process and [Mr. Mike] failed to present evidence to the [WCJ] to establish ill practices on the part of [Bob’s Painting] and/or its counsel nor on the part of the [WCJ] so as to mandate a nullity of Judgment in these proceedings. [Bob’s Painting] submits that [Mr. Mike’s] allegations of ill practices are unfounded.
Bob’s Painting maintains that the issues concerning the motion for summary judgment that Mr. Mike raised in his motion to annul the April 20, 2006 judgment were issues that should have been addressed in a timely appeal of that judgment. We agree and find no abuse of discretion by the WCJ in denying the motion to annul.
According to the WCJ’s judgment, “[t]hrough agreement of counsel, oral argument was waived and the Motion for Summary Judgment was submitted for decision and taken under advisement.” The WCJ noted further that although the motion for summary judgment “had been scheduled for hearing and continued on two prior occasions” by Mr. Mike, it was not until April 17, 2006, two days prior to the third setting, that Mr. Mike filed his opposition memorandum and exhibits. Thus, the WCJ correctly concluded that Mr. Mike’s submissions were “untimely, and as such, not considered.” The WCJ then considered the applicable law and evidence that was properly in the record and granted the motion for summary judgment, finding that Mr. |sMike had violated the provisions of La. R.S. 23:1208 and thus forfeited his right to workers’ compensation benefits.
There is certainly nothing improper about the practice of submitting a matter on briefs without oral argument when there is an agreement regarding same. Based on the facts and circumstances of this case, there have been no “significant and material deviations from procedural norms” as has been suggested by Mr. Mike. It is clear from a review of the record that Mr. Mike had ample opportunity to file an opposition memorandum and any exhibits in support thereof long before the motion for summary judgment was finally set for hearing on April 19, 2006. He simply failed to do so in a timely manner, and summary judgment was granted in favor of Bob’s Painting.
Mr. Mike then filed a motion for new trial, which was denied. At that time, his next avenue for relief was by way of a timely filed motion and order for appeal. However, Mr. Mike’s counsel did not submit an order requesting a devolutive appeal until July 21, 2006, after the time delays permitted by law had passed. Mr, Mike’s motion to annul judgment followed, which was denied by the WCJ.
We have thoroughly reviewed the evidence in the record before us and find that Mr. Mike did not put forth any evidence to establish that the April 20, 2006 judgment was either unconscionable or inequitable. Nor did Mr. Mike meet his burden of showing that he was deprived of any legal rights. As previously indicated, Mr. Mike had ample time to reply to the motion for summary judgment, and there appears to be no excuse for his failure to do so in a timely fashion. When a party fails to act on its own behalf and suffers a loss as a result, an action for nullity is not *50 the proper remedy. See McKinney Saw & Cycle v. Barris, 626 So.2d 786, 789 (La.App. 2 Cir.1993). We cannot say that the circumstances under which the April 20, 2006 judgment was rendered show that Mr. Mike was deprived of any legal rights or that enforcement of the judgment would be unconscionable or inequitable.
CONCLUSION
For the above and foregoing reasons, the judgment of the WCJ, denying Mr. Mike’s motion to annul, rendering judgment in favor of Bob’s Painting, and maintaining | flthe dismissal of Mr. Mike’s workers’ compensation claim, is affirmed. All costs associated with this appeal are assessed against Mr. Mike.
AFFIRMED.

. Louisiana Revised Statutes 23:1208 provides, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.

. On April 17, 2006, Mr. Mike filed a memorandum in opposition to the motion for summary judgment along with various exhibits in support of his position. Counsel for Bob's Painting attempted to forward a letter to both the WCJ and Mr. Mike’s counsel in advance of the April 19, 2006 hearing “to serve as a formal opposition by the employer to the [employee’s] ... untimely exchange and submission” of his opposition to the motion for summary judgment and the exhibits attached thereto as violative of La.Code Civ. P. art. 966(B), requiring the exchange of said evidence and opposition memorandum at least eight days in advance of the scheduled hearing. When the parties appeared before the WCJ for the hearing, counsel for Bob’s Painting again voiced opposition to Mr. Mike’s *46 untimely exhibits and opposition memorandum. In the WCJ’s April 20, 2006 judgment granting the motion for summary judgment, the WCJ indicated that he had not considered Mr. Mike's April 17, 2006 submissions as they were untimely. While there is some dispute as to whether the parties were in agreement that the WCJ would also be taking this issue under advisement along with the motion for summary judgment that was being submitted on briefs, it has no bearing on the instant appeal as the merits of the motion for summary judgment are not before this court for review.

. On December 10, 2007, this court issued a rule to show cause why this appeal should not be dismissed because the June 5, 2007 judgment did not contain language disposing of and/or dismissing Mr. Mike's claims. Thereafter, on February, 19, 2008, a different panel of this court issued an interim order to the WCJ to sign a valid written judgment that included appropriate decretal language as required by La.Code Civ. P. art.1918. The WCJ complied with this order, issuing a new judgment on March 10, 2008, denying Mr. Mike's motion to annul, rendering judgment in favor of Bob's Painting, and maintaining the dismissal of Mr. Mike's workers' compensation claim.

. We note that Mr. Mike filed a "Motion To Annul Judgment Pursuant To Louisiana Code Of Civil Procedure Article 2004," a procedural device that does not exist in Louisiana law. An action to annul a judgment pursuant to Article 2004 must be by direct action, i.e., in a proceeding brought for the express purpose of annulling the judgment. "By a direct action is meant that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits.” Nethken v. Nethken, 307 So.2d 563, 565 (La.1975). However, since no objection has been made to this procedure, we consider any error in this regard waived and will proceed to address the merits of the appeal.