STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1405

CENTURION CAPITAL CORP.

VERSUS

WANDA D. LITTLEFIELD

*Judgment Rendered:* **SEP 2 1 2020**

********

Appealed from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Case No. 2005-450
The Honorable Erin Wiley Lanoux, Judge Presiding

********

| | |
|---|---|
| Michael L. Lancaster<br>Adam D. Deniger<br>Gregory M. Eaton<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>Palisades Acquisition XVI, LLC |
| Garth J. Ridge<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Wanda D. Littlefield |

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**LANIER, J.**

In this case, defendant challenges the trial court's July 24, 2019 judgment, granting plaintiff's exception raising the objection of prescription and dismissing, with prejudice, defendant's petition to annul judgment. For the reasons set forth below, we affirm.

## FACTS AND PROCEDURAL HISTORY

The underlying suit was filed in 2005 by plaintiff, Centurion Capital Corp. ("Centurion"), as holder of credit issued through Chase Manhattan Bank, against defendant, Wanda D. Littlefield, seeking to collect monies owed on an open account. According to the record, Ms. Littlefield was served via domiciliary service on January 5, 2006, when service was made upon someone identifying himself as Ms. Littlefield's boyfriend at 18071 Manning Drive, Prairieville, Louisiana, 70769. A default judgment was entered against Ms. Littlefield on February 1, 2006, for the full sum of $11,376.77, together with 18 percent interest from December 31, 2004, attorney fees in the amount of 25 percent of the principal and interest, and all costs. Notice of judgment was served on Ms. Littlefield through domiciliary service upon her daughter on February 15, 2006, at the same address.

Centurion filed a Motion and Order to Revive Judgment, which was signed by the trial court on January 12, 2016. Notice of the revived judgment was mailed to Ms. Littlefield at the Manning Drive address on January 14, 2016. Subsequently, on June 6, 2018, Ms. Littlefield filed a petition to annul judgment against Palisades Acquisition XVI, LLC ("Palisades"),[1] seeking to annul both the February 1, 2006 judgment and the revived judgment signed on January 12, 2016.

Ms. Littlefield based her petition to annul on several grounds. First, Littlefield argued that the February 1, 2006 judgment was absolutely null because service of

---

[1] According to the record, at the time of this filing, Palisades was the owner of the February 1, 2006 judgment rendered against Ms. Littlefield.

the original petition was purportedly made on her by domiciliary service on her boyfriend, Thomas Harrell, at Ms. Littlefield's residence, and Harrell was not domiciled at her residence at the time. Next, Ms. Littlefield alleged that the February 1, 2006 judgment was obtained by fraud or ill practices because it relied, in part, on the unanswered requests for admissions of fact that were not yet due at the time the judgment was rendered. Finally, Ms. Littlefield argued that the original judgment was revived in January 2016 without the required proof, *i.e.*, an affidavit of the holder and owner of the judgment as provided in La. Code Civ. P. art 2031.

In response, Palisades, as assignee of Centurion, filed an answer, generally denying most of the allegations of Ms. Littlefield's petition, but admitting that it was the current owner of the judgment rendered against Ms. Littlefield. In addition, Palisades filed peremptory exceptions raising the objections of no cause of action, prescription, and peremption.

Following a June 18, 2019 hearing on the exceptions, the trial court granted Palisades' prescription exception, found the no cause of action and peremption exceptions moot, and dismissed, with prejudice, Ms. Littlefield's petition to annul. The trial court signed a judgment on July 24, 2019, and subsequently, in response to a request by Ms. Littlefield, issued written reasons for judgment on September 17, 2019.

It is from this judgment that Ms. Littlefield has appealed, assigning the following specifications of error:

> 1. When a petition to annul alleges that service of the original petition is defective because the person served was not domiciled and did not reside at the place of alleged service which is appellant's home, and the appellee fails to produce any evidence that the person served resided and was domiciled in appellant's home, the trial court should not have granted the appellee's peremptory exception of prescription.
>
> 2. When the only evidence of service of a petition is the service return, and appellant pleads in the petition to annul that the person served was not domiciled at her residence, the trial court should not have held this

3

was evidence that service was sufficient and a petition alleging lack of service was therefore prescribed.

3. When the appellee has failed to assert prescription for a revived judgment which the appellant has claimed is relatively null, the trial court may not supply the exception of prescription on its own.

## APPLICABLE LAW

The objection of prescription may be raised by a peremptory exception. La. Code Civ. P. art. 927(A)(1). Evidence may be introduced to support or controvert an exception of prescription. La. Code Civ. P. art. 931. If evidence is introduced at the hearing on the peremptory exception, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Clavier v. Our Lady of the Lake Hosp., Inc.,** 2012-0560 (La. App. 1 Cir. 12/28/12), 112 So.3d 881, 888, writ denied, 2013-0264 (La. 3/15/13), 109 So. 3d 384. Pursuant to this standard, the trial court's ruling must be affirmed unless a reasonable factual basis does not exist for the finding of the trial court, and the record establishes that the finding is clearly wrong. **Expert Riser Solutions, LLC v. Techcrane International, LLC,** 2018-0612 (La. App. 1 Cir. 12/28/18), 270 So.3d 655, 660. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. **Stobart v. State through Dept. of Transp. and Development,** 617 So.2d 880, 882 (La. 1993).

Ordinarily, the party pleading a prescription exception bears the burden of proving the claim has prescribed. **Hogg v. Chevron USA, Inc.,** 2009-2632 (La. 7/6/10), 45 So.3d 991, 998. However, if prescription is evident on the face of the pleadings, the burden shifts to the opponent to show the action has not prescribed. See **Williams v. Sewerage & Water Bd. of New Orleans,** 611 So.2d 1383, 1386 (La. 1993). Thus, unless prescription is evident from the face of the pleadings, the party raising the objection of prescription bears the burden of proof. **Guillot v. LECC-Baton Rouge Inc.,** 2005-2537 (La. App. 1 Cir. 12/28/06), 952 So.2d 42, 44.

4

Pursuant to La. Code Civ. P. art. 2001, a final judgment may be annulled for vices of either form or substance, as provided in La. Code Civ. P. arts. 2002-2006. As set forth in Article 2002, a final judgment shall be annulled for vice of form if it is rendered "[a]gainst a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken." La. Code Civ. P. art. 2002(A)(2). An action to annul based on a vice of form may be brought at any time. La. Code Civ. P. art. 2002(B). Moreover, "[a] defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002." La. Code Civ. P. art. 2003.[2]

A sheriff's return reflecting service is considered prima facie correct. La. Code Civ. P. art. 1292(A); see also La. R.S. 13:3471(5). While the recitation on the return of citation is presumed to be correct, the presumption is rebuttable. **Roper v. Dailey**, 393 So.2d 85, 88 (La. 1980) (on rehearing). Generally, a party attacking citation and service must prove by a preponderance of the evidence that there was lack of service of process. **Butler v. Sandberg**, 2018-0917 (La. App. 1 Cir. 10/23/19), 289 So.3d 638, 641. Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment. La. Code Civ. P. art. 1234.

A final judgment may also be annulled based on fraud or ill practices, a vice of substance. However, such an action must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. La Code Civ. P. art. 2004. Article 2004 is not limited to cases of actual fraud or intentional

___

[2] We note that because the trial court ultimately found that both the service on Ms. Littlefield and the February 1, 2006 default judgment taken against her were valid, no discussion of whether Article 2003 is applicable herein is necessary.

wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. **Kem Search, Inc. v. Sheffield**, 434 So.2d 1067, 1070 (La. 1983). When ill practices are alleged, the court must examine the case from an equitable viewpoint to determine whether the party seeking annulment has met the burden of showing "how he was prevented or excused" from asserting his claims or defenses. **State Through Dept. of Social Services v. Jones**, 94-2605 (La. App. 1 Cir. 10/6/95), 671 So.2d 404, 407 (quoting **Foret v. Terrebone, Ltd.**, 93-676 (La. App. 5 Cir. 1/25/94), 631 So.2d 103, 105).

## DISCUSSION

In assignments of error numbers one and two, Ms. Littlefield challenges the trial court's finding that her petition to annul was prescribed, noting that the person served with the original petition did not reside in her home, nor was he domiciled there. She argues that the presence of a sheriff's return in the record is not proof that the person served was domiciled in her residence. Thus, Ms. Littlefield maintains, the original default judgment is an absolute nullity based on a vice of form. See La. Code Civ. P. art. 2002(A)(2).

According to the transcript of the June 18, 2019 hearing before the trial court, counsel for Ms. Littlefield acknowledged that from the beginning of 2005 through the present, Ms. Littlefield's address was 18071 Manning Drive, Prairieville, Louisiana. Pursuant to Article 1292, the sheriff's return must contain "the date, place, and method of service and sufficient other data to show service in compliance with law." La. Code Civ. P. art. 1292(A). In the instant case, the sheriff's citation of the original petition and request for admission of facts was directed to Ms. Littlefield at the Manning Drive address. The return, which is contained on the same form and page as the citation, further indicates that domiciliary service was indeed made on January 5, 2006, on "Thomas Harrell (Boyfriend)." Thus, the sheriff's return must be considered prima facie correct.

6

As opponent to the prima facie proof of service in this case, Ms. Littlefield bore the burden of overcoming the presumption of correctness accorded to the sheriff's return of service and that proper service had been made on her through Mr. Harrell. Ms. Littlefield alleged in her petition to annul that, at the time of the purported service, Mr. Harrell did not reside, nor had he ever resided at her home. She further asserted that Mr. Harrell "had and still has his own residence and domicile in Jefferson Parish." However, at the hearing below, Ms. Littlefield did not present any evidence, through testimony or documents, to controvert the presumptive proof of domiciliary service on Mr. Harrell.

The only exhibit admitted into evidence at the hearing on the exceptions was Exhibit D submitted by Palisades. As evidenced by the documents in Exhibit D, Ms. Littlefield admitted knowledge of the February 1, 2006 judgment as early as April 14, 2011. Based on our thorough review of the record in light of the manifest error standard, we find no error in the trial court's finding that the January 5, 2006 domiciliary service made on Ms. Littlefield was, in fact, valid service, and that the default judgment taken against Ms. Littlefield was a valid judgment. We find no merit to assignments of error numbers one and two.

In her final assignment of error, Ms. Littlefield argues that the trial court erred by supplying its own exception raising the objection of prescription as to Ms. Littlefield's claim that the revived judgment was null based on ill practices for failure to comply with La. Code Civ. P. art. 2031.[3] Palisades counters that it specifically pled prescription in response to Ms. Littlefield's petition to annul "the previously validly rendered and revived judgment against her," objecting to Ms. Littlefield's action in its entirety. We have reviewed the record and are satisfied that Palisades did specifically raise prescription as an exception to both the original default

---

[3] Pursuant to Article 2031, a motion to revive a judgment "shall be accompanied by an affidavit of the holder and owner of the judgment, stating that the original judgment has not been satisfied." La. Code Civ. P. art. 2031(A).

7

judgment and the revived judgment. Thus, we consider whether Ms. Littlefield's petition to annul based on a vice of substance had prescribed.

At the trial court hearing below, counsel for Ms. Littlefield argued that the January 12, 2016 revived judgment was based on a defective affidavit and that Ms. Littlefield was not aware of the defective affidavit until November 2017 when they requested a copy of same from the Clerk of Court's office. The trial court made a finding of fact that on January 14, 2016, Ms. Littlefield was mailed notice at her Manning Drive address of the January 12, 2016 revived judgment. As previously indicated, Ms. Littlefield's counsel of record noted that Ms. Littlefield had lived at 18071 Manning Drive, Prairieville, Louisiana, from the beginning of 2005 through the present. Acknowledging that it was unclear from the record if the affidavit was mailed along with the judgment, the trial court concluded that when Ms. Littlefield received notice of the revived judgment, that "gave her enough information for her to have raised questions to go search further and not wait two more years to file a suit."

Without reaching the issue of the alleged defective affidavit, the trial court concluded that because Ms. Littlefield had notice of the revived judgment in 2016 and did not bring her action for nullity until 2018, her action was prescribed. Based on our review of the record, we find no error in the trial court's ruling that Ms. Littlefield's petition for nullity based on ill practices was prescribed. La. Code Civ. P. art. 2004. This assignment of error is without merit.

## CONCLUSION

For the above and foregoing reasons, we affirm the July 24, 2019 judgment of the trial court and assess all costs associated with this appeal against appellant/defendant, Wanda D. Littlefield.

**AFFIRMED.**