J2GONZALES, Judge.
In this appeal, Joseph Daniel Jarrell challenges a trial court judgment dismissing his petition to annul a probated testament based on the trial court’s conclusion that Mr. Jar-rell’s action had been abandoned. In answer to the appeal, Floyd Stanley Mizell, the executor of the decedent’s succession, contends that the trial court erred in concluding that Mr. Jarrell was married to the decedent.
*806 FACTS AND PROCEDURAL HISTORY
Alda Talley Mizell died on October 16, 1986, in St. Tammany Parish, Louisiana. On December 3,1986, Mr. Jarrell, claiming to be Ms. Mizell’s husband, filed a petition to be appointed administrator of Ms. Mizell’s succession, which was granted by order of the trial court dated December 9, 1986. Thereafter, on February 27, 1987, Floyd Stanley Mizell, Ms. Mizell’s son, filed a petition for probate of an olographic testament allegedly written by Ms. Mizell. In the will, Ms. Mi-zell left all of her property to Mr. Mizell and named him executor of her estate. The trial court ordered that the testament be executed on March 2,1987.
Subsequently, on May 29,1987, Mr. Jarrell filed a petition to annul the probated testament, claiming that it was not in Ms. Mizell’s handwriting. In the petition, Mr. Jarrell also claimed entitlement to one-fourth of Ms. Mizell’s estate pursuant to La. C.C. art. 2432[1] which allows a necessitous surviving spouse to make a claim for the marital portion from the succession of a deceased spouse.
Thereafter, on September 21, 1987, Mr. Mizell filed a petition for appointment as executor of his mother’s estate, which was granted by order of the trial court dated September 22, 1987. On October 1, 1987, Mr. Mizell answered Mr. Jarrell’s petition to annul his mother’s probated testament, generally denying the allegations of Mr. Jarrell’s petition.
¶ 3By petition filed on September 19, 1988, Mr. Jarrell sought to have his entitlement to the marital portion recognized. According to Mr. Jarrell, he was entitled to usufruct for life over one-fourth of the assets in Ms. Mizell’s succession.[2]
On May 18,1993, Mr. Mizell filed a motion to have Mr. Jarrell’s petition to annul the probated testament dismissed, because more than 5 years had elapsed without any steps in the prosecution or defense of the action having been taken. The trial court granted the motion on May 20, 1993, ordering the petition dismissed.
Over three years later, on June 20, 1996, Mr. Jarrell filed a rule to show cause why the judgment of dismissal should not be annulled. On November 21, 1996, the trial court signed a judgment dismissing Mr. Jar-rell’s rule to show cause.[3] From this adverse judgment, Mr. Jarrell appeals, contending that the trial court erred in applying La. C.C.P. art. 561 to determine that his action to annul the probated testament was abandoned. Mr. Mizell answered the appeal, contending that the trial court judgment should be reversed insofar as it declared that Mr. Jarrell was married to Ms. Mizell.
TIMELINESS OF CHALLENGE TO JUDGMENT OF DISMISSAL
We need not address whether the trial court correctly dismissed Mr. Jarrell’s petition to annul the probated testament, because Mr. Jarrell’s challenge to the May 20, 1993 order of dismissal was untimely.[4]
The order dismissing Mr. Jarrell’s petition was signed by the trial court on May 20,1993. Mr. Jarrell filed his “Rule to Show Cause Why Judgment of Dismissal Should *807 Not be Annulled” on June 20, 1996, over 3 years later. In his rule to show cause, Mr. Jarrell |4alleges that the May 20, 1993 order is an absolute nullity under La. C.C.P. art. 2002. Although an action in nullity under La. C.C.P. art. 2002 can be brought at any time, a judgment may be annulled only for certain vices of form. At the time Mr. Jar-rell filed his rule to show cause, La. C.C.P. art. 2002 provided that a judgment shall be annulled if rendered: (1) against an incompetent person not represented as required by law; (2) against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or (3) by a court which does not have jurisdiction over the subject matter of the suit. The grounds for absolute nullity enumerated in La. C.C.P. art. 2002 are exclusive. Bernard, v. Fireside Commercial Life Insurance Company, 633 So.2d 177, 184 (La.App. 1st Cir.1993), writ denied, 93-3170 (La.3/11/94), 634 So.2d 839.
In his rule to show cause, Mr. Jarrell contends that the judgment dismissing his petition “was wrongfully obtained and is absolutely null on its faee[,] since as a succession proceeding, [his petition to annul the probated testament] was not subject to a motion for dismissal on grounds of abandonment as provided by Article 561 of the Louisiana Code of Civil Procedure.” This is the only ground asserted by Mr. Jarrell to support his claim that the trial court’s judgment is an absolute nullity. However, this ground is not one of the exclusive grounds enumerated in La. C.C.P. art.2002, and therefore, Mr. Jarrell’s claim that the judgment is an absolute nullity is without merit.
The proper procedure to remedy the trial court’s alleged misapplication of La. C.C.P. art. 561 was to file a motion for new trial and/or an appeal with respect to the May 20, 1993 order, not a rule to nullify the judgment. See State v. One 1990 GMC Sierra Classic Truck, 94-0639 (La.App. 4th Cir. 11/30/94), 646 So.2d 492, 496, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254. An action asserting a nullity of a judgment cannot be substituted for a timely appeal. State v. One 1990 GMC Sierra Classic Truck, 646 So.2d at 496; Clulee v. Louisiana Materials Company, Inc., 590 So.2d 780, 784 (La.App. 5th Cir.1991), writ denied, 594 So.2d 1323 (La.1992). Thus, Mr. Jarrell’s challenge to the judgment dismissing his petition to annul the probated testament was untimely.
5TRIAL COURT’S DETERMINATION OF MARITAL STATUS
In answer to the appeal, Mr. Mizell contends that the trial court erred in making the factual finding that Mr. Jarrell was formerly married to Ms. Mizell. A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly -wrong.” Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173, 1176. The Louisiana Supreme Court has announced a two-part test for the reversal of the factfinder’s determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The issue to be resolved by the reviewing court is not whether the trier of fact is right or -wrong but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. The reviewing court must always keep in mind that if the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1112 (La.1990).
We cannot say that the trial court manifestly erred in concluding that Mr. Jar-rell was formerly married to Ms. Mizell. , In fact, the affidavit establishing jurisdiction, which was filed by Mr. Mizell’s own lawyer in support of the petition to probate Ms. Mi-zell’s testament, contains the sworn statements of two witnesses who claimed to know Ms. Mizell well, and who stated that she *808 married Mr. Jarrell on October 31, 1982, in Poplarville, Mississippi. Although not the only evidence contained in the record as support, this alone constitutes a reasonable basis in the record from which the determination of marital status could have been made. Mr. Mizell’s argument to the contrary is without merit.
| ¡¡DECREE
For the foregoing reasons, the judgment of the trial court, dismissing Mr. Jarrell’s rule to show cause, and declaring that Mr. Jarrell was married to Ms. Mizell, is AFFIRMED.

. Louisiana Civil Code article 2432 provides:
When a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse.

. At the time of Ms. Mizell’s death, Louisiana Civil Code article 2434 provided:
The marital portion is one-fourth of the succession in ownership if the deceased died without children, the , same fraction in usufruct for life if he is survived by three or fewer children, and a child’s share in such usufruct if he is survived by more than three children.

. The November 21, 1996 judgment also disposed of two motions filed by Mr. Jarrell: one seeking to require Mr. Mizell to furnish- security as the executor of Ms. Mizell’s estate and one seeking to require Mr. Mizell to file an inventory and accounting.

. Although we need not address the merits of Mr. Jarrell’s appeal to decide this case, we note that if Mr. Jarrell had timely challenged the trial court's dismissal of his petition to annul the probated testament, he would have prevailed. The trial court erred in concluding that Mr. Jar-rell’s petition to annul the probated testament was not excepted from the 5-year abandonment rule of La. C.C.P. art. 561, as his petition was part of the succession proceeding filed herein.