ROBERT A. CHAISSON, Judge.
12This is an appeal by Deutsche Bank National Trust Company, a National Banking Association F/K/A Bankers Trust Company of California, N.A., as Trustee for Long Beach Mortgage Loan Trust 2001-3, intervenor-appellee, in this nullity *1185 action involving an irrevocable trust. For the following reasons we reverse the judgment.
The pertinent facts began in 1992 when Ronald and Jennifer Savoie established a trust in Jefferson Parish in favor of their two children, Ronda Alexis Savoie and Chase Tyler Savoie. On October 12, 2000, the trust purchased a parcel of property in Beau Chene Subdivision in St. Tammany Parish for $762,500. Because the trust had no substantial assets, a partial payment of $147,500 was made with funds loaned to the trust by the parents. The remainder of the purchase price was financed by a balloon note. Because of difficulties encountered by the trust in refinancing the balloon note, the parents of the still minor children decided to terminate the trust and transfer all of its assets to the parents. An action to ^dissolve the trust was filed in Jefferson Parish, and on June 14, 2001, a consent judgment was entered granting this relief, and transferring all trust assets to the parents. This judgment was recorded in St. Tammany Parish on the same date.
On July 5, 2001, the parents borrowed $641,000 from the Long Beach Mortgage Company (Deutsche Bank’s predecessor) and mortgaged the Beau Chene property to secure this loan. On March 10, 2003, Deutsche Bank commenced executory proceedings against the Savoie parents in St. Tammany Parish. It appears that the still minor children intervened in the suit claiming an ownership interest in the property and alleging that it was subject to yet other mortgages in favor of AmSouth Bank (Now Regions Bank). This case was set for trial on June 13, 2011, by which time the children were majors.
On May 13, 2011, the parents and children filed in Jefferson Parish a document styled “Petition for Nullity of Judgment” in the same case in which the trust had been dissolved on June 14, 2001. A consent judgment granting this relief was signed on the same day. None of the litigants in the St. Tammany suit were served with this document. When Deutsche Bank learned of the judgment it perfected the present appeal. Because of this proceeding, the St. Tammany trial has been continued.
The only issues presented for review here are whether Deutsche Bank has standing to appeal the judgment of May 13, 2011, purporting to annul the judgment of June 14, 2001, and if so, whether that judgment is valid.

STANDING TO APPEAL

Louisiana Code of Civil Procedure Article 2086 provides that “a person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.” Article 1091 provides that a third person having an interest in a pending action “to enforce a right related to or connected with the |4object of the pending action” has a right to intervene. In Mangano Consultants Inc. v. Bob Dean Enterprises, Inc., 05-449 (La.App. 5 Cir. 1/17/06), 921 So.2d 1081, this court set forth the twofold requirement for an intervention. First, the inter-venor must have a justiciable interest in, and a connexity to, the principal action. A justiciable interest is a right to seek redress against either the plaintiff or the defendant or both, and where those parties have an interest in opposing it. Second, the interest must be so related to the object of the principal action that a judgment on the principal action will have a direct impact on the intervenor’s rights.
Here, the plaintiffs in the action for nullity were asserting relief which would *1186 place in question ownership of a property on which the bank asserts a security interest. The relief sought by the petitioners in annulling the 2001 judgment dissolving the trust could potentially have an impact on the bank’s right to pursue executory relief under the terms of its mortgage. Therefore, until such time as the executory proceedings in St. Tammany Parish are resolved, the bank has a justiciable interest in opposing the relief that the plaintiffs seek in the Jefferson Parish nullity proceeding. Under these circumstances, the bank clearly had a right to intervene in the trial court, and it therefore has a right to appeal the judgment.

VALIDITY OF JUDGMENT

Louisiana Code of Civil Procedure Articles 2001-2006 establish the bases upon which a judgment may be nullified. Under Article 2002, a judgment may be nullified for vices of form if it is rendered 1) against a person not represented as required by law; 2) against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken; and 3) by a court which does not 1 shave jurisdiction over the subject matter of the suit. In the present case, none of these requirements are met.
The petition in the June 14, 2001, proceeding recites that it is being brought by Jennifer Robinson Savoie, the trustee. Ronald Savoie recited that he concurred in the action of the trustee. At the time this action was brought, Jennifer and Ronald, the parents of the minor children were not divorced or judicially separated. Pursuant to Louisiana Code of Civil Procedure Articles 683 and 4501, the parents of minor children who are not divorced or judicially separated may manage the property the children. Because all of the interested parties were proponents of the action to dissolve the trust and all parties consented to the judgment, no service was necessary. Finally, the Jefferson Parish court had jurisdiction over the trust because it was formed in that parish. It is clear that none of the requisites of Article 2002 were met here and there were thus no grounds to nullify the June 14, 2001, judgment under this article.
Article 2004 provides that a judgment may be annulled for fraud or ill practices. Although actions under Article 2002 may be asserted collaterally, actions for nullity under Article 2004 must be asserted in a direct action. Here, the nullity was asserted collaterally in the original suit in which the allegedly null judgment was brought, rather than by a direct action. Moreover, there are no allegations of fraud or ill practice in the May 13, 2011, petition. We recognize that the concept of “fraud or ill practices” is not limited to cases of actual fraud or wrongdoing, but encompasses situations where some improper practice or procedure operated, even innocently, to deprive a litigant of some legal right and where enforcement of the judgment would be inequitable. Russell v. Illinois Central Gulf Railroad, 96-2649 (La.1/10/97), 686 So.2d 817. Here, the only allegation made is that because the trust document provided that it was irrevocable, [fit was legal error to have terminated it. Moreover, the grounds stated for dissolution of the trust in 2001 were to prevent the trust from being sued for damages and avoid foreclosure on the Beau Chene property. There was clearly no fraud or ill practice involved in that dissolution action. Thus, even had the present action been brought directly, there are no grounds stated in the petition that would *1187 sustain a judgment of nullity. Therefore, the judgment rendered based upon the allegations made by plaintiffs in this collateral proceeding must be set aside.
For the foregoing reasons, the present judgment nullifying the previous judgment of June 14, 2001, is reversed.

REVERSED