DANIEL L. DYSART, Judge.
|,Edward Tuck Colbert and Kenyon & Kenyon, LLP appeal the denial of a Motion for Leave to Intervene filed in the captioned lawsuit. For the following reasons, we affirm the judgment of the trial court.
FACTUAL BACKGROUND:
Shawn Tiffany Brennan and Samantha Scott Brennan, independent coexecutors of the succession of James Charles Brennan (collectively “the Succession”), filed a petition for declaratory judgment against Brennan’s, Inc. (“Brennan’s”), seeking to have an outstanding loan made by the decedent set off against an amount due to the Succession from a stock redemption agreement between the decedent and Brennan’s.
Subsequently, the Succession filed a motion for summary judgment in which it argued that there were no issues of material fact as to what was owed by Brennan’s to the Succession, and what was owed by *521 the Succession to Brennan’s, and that as a matter of law, the amounts were set off against one another. Brennan’s filed an opposition and a hearing was set.
|2Prior to the hearing, appellants attempted to intervene in the underlying lawsuit by filing a Motion for Leave to Intervene. The trial court set the motion for the same date as the hearing on the motion for summary judgment. In the Petition for Intervention, appellants explained that they were judgment creditors of Brennan’s, and sought to intervene in the defense of Brennan’s against the requested offset sought by the Succession. Lastly, appellants sought to continue the hearing set on the motion for summary judgment to allow discovery to be conducted.
At the hearing on June 29, 2012, Brennan’s acquiesced in the granting of summary judgment. Without addressing appellants’ request for a continuance, the trial court denied the Motion for Leave to Intervene. The trial court also granted the Succession’s motion for summary judgment.[1]
On August 8, 2012, appellants filed a Motion for Devolutive Appeal of the denial of their Motion for Leave to Intervene, and filed a separate Motion for Devolutive Appeal of the summary judgment granted in favor of the Succession. The trial court signed both motions. However, on August 13, 2012, the trial court vacated the previous order granting an appeal to appellants of the summary judgment, and denied the motion, stating that “Edward Tuck Colbert is not a party to this litigation, and thereby does not have an interest in this Motion.”
Appellants thereafter filed a supervisory writ in this Court, which was denied.
|sAppelIants are now before this Court seeking to reverse the trial court’s ruling denying them the right to intervene in the underlying lawsuit. For the following reasons, we affirm.
DISCUSSION:
The sole assignment of error is that the trial court erred in denying appellants’ motion to intervene.
Article 1091 of the Louisiana Code of Civil Procedure provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demands; or
(8) Opposing both plaintiff and defendant.
The parties agree that the intervenor must have both a justiciable right in, and d eonnexity to, the principal demand. Diefenthal v. Longue Vue Found., 02-1470, p. 11-12 (La.App. 4 Cir. 1/7/04), 865 So.2d 863, 872.
Appellants argue that they have a justi-ciable right to execute on a $4,000,000.00 judgment they obtained against Brennan’s in an unrelated lawsuit.[2] They argue that they are connected to the underlying suit because the outcome of the suit directly impacts their right to collect the debt. *522 More specifically, they argue that if the Succession is allowed to improve its position by “stepping ahead” |4of appellants for payment of the debt owed by Brennan’s to the Succession, it will have a detrimental effect on appellants’ ability to collect its debt from Brennan’s.
In support of their argument, the appellants cite In re Savoie’s Childrens Trust, 11-0698 (La.App. 5 Cir. 3/13/12), 90 So.3d 1183. In that case, Deutsche Bank appealed a judgment annulling the dissolution of a trust. The trust, established by parents for their minor children, purchased a piece of property in St. Tammany Parish. When payments were not made on the mortgage, the trustee (mother) filed a petition to dissolve the trust and transfer its assets to the trustee and her husband. The parents then used the property to secure a loan from Deutsche Bank.
When they defaulted on the loan, the parents filed in Jefferson Parish a petition to nullify the judgment dissolving the trust, thereby making the children (who had reached majority), the putative owners of the property. Deutsche Bank, which was not served or otherwise notified of the petition filed in Jefferson Parish, appealed the judgment nullifying the dissolution of the trust.
The appellate court found that Deutsche Bank had standing to appeal, although it was not a party to the underlying litigation, because the action for nullity placed in question ownership of the property on which Deutsche Bank had a security interest. The court stated:
The relief sought by the petitioners [parents] in annulling the 2001 judgment dissolving the trust could potentially have an impact on the bank’s right to pursue executory relief under the terms of its mortgage. Therefore, until such time as the executory proceedings in St. Tammany Parish are resolved, the bank has a justiciable interest in |5opposing the relief that the plaintiffs seek in the Jefferson Parish nullity proceeding. Under these circumstances, the bank clearly had a right to intervene in the trial court, and it therefore has a right to appeal the judgment.
Id., 11-698, p. 4, 90 So.3d at 1186.
The Succession argues that the right appellants assert is not directly related to the principal demand between the Succession and Brennan’s.[3] The Succession does not deny that the appellants have a money judgment against Brennan’s, but argues that the fact that appellants have a right to collect a debt against Brennan’s does not establish that the right is connected to the main demand.
We agree. The Savoie case is distinguishable from the case below. The instant case involves debts owed by Brennan’s to the Succession, debts that were established at the death of Jimmy Brennan and the terms of the stock redemption agreement. Appellants’ right to execute on the money judgment is separate and distinct from the subject of the principal demand, and therefore not enforceable through intervention.
Accordingly, we affirm the trial court’s judgment denying appellants’ Motion for Leave to Intervene.
AFFIRMED

. Neither of the original parties has appealed this judgment.

. Appellants filed a motion for summary judgment on a suit on open account against Brennan's relative to legal services provided in connection with a totally unrelated lawsuit filed in federal court. The summary judgment was rendered June 14, 2011, in favor of appellants. Brennan’s filed a devolutive appeal in this Court, but the appeal was dismissed and remanded with instructions to correct and complete the record. The appeal *522 has not been re-lodged in this Court as of this date.

. The Succession suggests that the judgment appellants seek to enforce is not final because it is on appeal. We note that briefs in this matter were filed prior to the decision in the referenced appeal. See fn. 2, infra.