NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1238

SUCCESSION OF MILTON TALMADGE FOGG, SR.

*DATE OF JUDGMENT:*  ʼAUG 3 1 2020

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 2002-30172, DIVISION F, PARISH OF ST. TAMMANY
STATE OF LOUISIANA

HONORABLE MARTIN E. COADY, JUDGE

* * * * * *

| | |
|---|---|
| Gary J. Williams<br>Slidell, Louisiana | Counsel for Defendants-Appellants<br>Milton T. Fogg, Jr., Glynne M. Jones,<br>III, and Charles E. Fogg |
| Gary L. Fogg<br>Angie, Louisiana | Defendant-Appellee<br>Gary L. Fogg - Pro Se |

* * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: AFFIRMED.

**CHUTZ, J.**

Appellants, Milton T. Fogg, Jr., Charles E. Fogg, and Glynne M. Jones, III, appeal a district court judgment denying their rule to annul a judgment of possession and to re-open a succession. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Milton T. Fogg, Sr. (the decedent) died testate on April 3, 1999. The decedent's last will and testament provided for a certain portion of his estate to be placed into a testamentary trust, with a designated trustee. The decedent's widow, Hazel Fogg, was named as income beneficiary. The four children born of the decedent's marriage to Hazel, *i.e.*, Milton Jr., Gary, Charles, and Elizabeth, as well as his stepson, Glynne (collectively, the children), were named as the trust's principal beneficiaries. The decedent bequeathed the remainder of his estate to Hazel, who was also named as executrix. Additionally, the will provided that a previous donation of immovable property and a loan made to Gary should be treated as advances on his inheritance.

On March 7, 2002, Milton Jr. filed a petition for appointment as administrator of the decedent's succession. Milton Jr. alleged an administration was needed because almost three years after the decedent's death, his will had not been presented for probate and no executor had been appointed for his succession. Milton Jr. further alleged the trustee designated in the decedent's will had recently resigned and the trust beneficiaries could not agree on a substitute trustee in accordance with the terms of the will.[1] The district court signed an order appointing Milton Jr. as succession administrator.

Thereafter, on July 30, 2002, Hazel filed a petition for probate of the decedent's will and to be appointed executrix of the succession. On the same day,

---

[1] The decedent's will provided a substitute trustee should be named by the income and principal beneficiaries in the event the named trustee was unable or unwilling to serve.

2

Hazel filed a motion to set aside the appointment of Milton Jr. as succession administrator. Following a hearing, the district court signed a judgment on October 2, 2003, admitting the will to probate, appointing Hazel as executrix, and removing Milton Jr. as succession administrator.

After various proceedings, on September 28, 2006, Hazel, Maurice Le Gardeur (substitute dative testamentary trustee), and the decedent's son, Gary (the petitioners), filed a joint petition for possession. The petitioners averred they had reached a compromise and settlement of their differences, subject to court approval. Pursuant to the compromise and settlement, the children would be placed in possession as naked owners of all succession property, in equal shares, subject to a usufruct for life in favor of Hazel. Additionally, if the district court granted the judgment of possession in accordance with the terms of the compromise, Hazel agreed to donate all of her assets to the children (reserving a life usufruct over those assets with the right to sell and retain a usufruct over the sale proceeds). Petitioners asserted the compromise was in the best interests of Hazel and the children. Petitioners further asserted the estate was relatively free of debt and no further administration was necessary.

The petition requested service on Milton Jr., Charles, Elizabeth, and Glynne (non-parties to the compromise), who were ordered to show cause why the petition for possession should not be granted. At the contradictory hearing held on the petition for possession, Glynne, Charles, and Milton Jr.[2] opposed the proposed judgment of possession on the grounds that it disregarded the terms of the decedent's will.

After taking the matter under advisement, the district court signed a judgment of possession on October 18, 2006, finding the compromise proposed by petitioners

---

[2] Milton Jr. was out of the country at the time of the hearing, so he did not appear in person. A statement prepared on his behalf, which stated his opposition to the proposed judgment of possession, was presented to the court.

was in the best interests of all concerned. The judgment recognized Hazel as the surviving spouse in community and sent her into possession of her undivided one-half interest in all community property and a usufruct for life over all property of the decedent's succession. She was granted the right to sell property subject to the usufruct, with the usufruct to continue over the sale proceeds. Glynne, Charles, Milton Jr., Gary, and Elizabeth were sent into possession of the naked ownership of all succession property, subject to Hazel's usufruct. Additionally, the judgment closed the succession proceedings and discharged the succession executrix and trustee. No motion for new trial was filed or appeal taken from the judgment of possession.

On June 21, 2018, Glynne, Charles, and Milton Jr. (appellants) filed a rule to annul the October 2006 judgment of possession and to re-open the succession. Gary was named as defendant.[3] Appellants pointed out that neither they nor Elizabeth joined in the petition for possession filed by Hazel, Gary, and Le Gardeur in September 2006. Appellants alleged the judgment of possession was, therefore, an absolute nullity, since the legal requirements of La. C.C.P. art. 3031[4] that all legatees join in the petition for possession and accept the succession were not met.

Following a hearing, the district court took the matter under advisement. On April 4, 2019, the district court signed a judgment denying appellants' rule to annul the judgment of possession and to re-open the succession. The district court

---

[3] Hazel is now deceased. See *In re Succession of Hazel Fogg*, 19-0719 (La. App. 1st Cir. 2/21/20), ____ So.3d ____, 2020 WL 862201.

[4] Louisiana Code of Civil Procedure article 3031(A) states, in pertinent part:

> When a testament has been probated or given the effect of probate ... the court may send all of the legatees into possession of their respective legacies without an administration of the succession, **on the ex parte petition of all of the general and universal legatees,** if each of them is either competent or is acting through a qualified legal representative, **and each of them accepts the succession,** and none of the creditors of the succession has demanded its administration. [Emphasis added.]

reasoned that because Article 3031 dealt with successions without administration and the succession in this case was under administration, Article 3031 was inapplicable. Appellants now appeal.

## DISCUSSION

Appellants maintain the district court erred in holding Article 3031 does not apply in this case due to the fact that the decedent's succession was under administration. They argue that under Article 3031, which requires all legatees to join in the petition for possession, the October 2006 judgment of possession is an absolute nullity since four of the decedent's children refused to join in the petition for possession.

Initially, we agree with appellants' contention that the district court erred in finding Article 3031 was not applicable on the ground that the decedent's succession was under administration. Article 3031 appears in the section of the Code of Civil Procedure dealing with testate successions without administration. Regardless, Article 3031 is also applicable to testate successions under administration since La. C.C.P. art. 3372, which governs testate successions under administration, incorporates Article 3031 by reference.[5] Nevertheless, while we disagree with its rationale, the district court properly denied relief to appellants since they failed to allege or establish any ground supporting nullification of the judgment of possession.

Not every legal error in a final judgment, standing alone, merits annulment of the judgment. See *Goodson v. Sills*, 470 So.2d 966, 969 (La. App. 1st Cir. 1985); *Lieber v. Caddo Levee District Board of Commissioners*, 32,551 (La. App. 2d Cir. 12/8/99), 748 So.2d 587, 590, writ denied, 00-0561 (La. 4/7/00), 759 So.2d 763,

_____

[5] Specifically, Article 3372 states, in pertinent part:

> At any time prior to the homologation of the final tableau of distribution, the legatees in a testate succession may be sent into possession of all or part of their respective legacies upon filing a petition for possession **as provided in Articles 3031 through 3035**, except that the proceeding shall be contradictory with the executor. [Emphasis added.]

cert. denied, 531 U.S. 928, 121 S.Ct. 306, 148 L.Ed.2d 246 (2000); see also *Succession of Mizell*, 97-0127 (La. App. 1st Cir. 2/20/98), 708 So.2d 805, 807, writ denied, 98-1056 (La. 5/29/98), 720 So.2d 670 (trial court's alleged misapplication of La. C.C.P. art. 561 abandonment rule is not grounds to nullify a judgment). The nullity of a final judgment may be demanded either for vices of form (La. C.C.P. art. 2002) or substance (La. C.C.P. art. 2004). La. C.C.P. art. 2001; *In re Savoie's Childrens Trust*, 11-698 (La. App. 5th Cir. 3/13/12), 90 So.3d 1183, 1186. Under Article 2002, a judgment is a nullity for a vice of form if it is rendered: 1) against an incompetent person not represented as required by law; 2) against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken; and 3) by a court that does not have jurisdiction over the subject matter of the suit. The grounds for nullity based on vices of form enumerated in Article 2002 are exclusive. *M.P.W. v. L.P.W.*, 13-0366 (La. App. 1st Cir. 11/1/13), 136 So.3d 37, 44; *Succession of Mizell*, 708 So.2d at 807.

In the present case, appellants have made no allegations regarding incompetency, lack of service, or lack of subject matter jurisdiction. The sole ground for nullity asserted by appellants is alleged non-compliance with the requirement of Article 3031 that all legatees join in the petition for possession. This ground is not one of the exclusive grounds for nullity based on vices of form enumerated in Article 2002. Thus, appellants' claim that the judgment of possession is an absolute nullity based on alleged noncompliance with Article 3031 lacks merit. See *Succession of Mizell*, 708 So.2d at 807. The proper remedy for the alleged non-compliance with this provision was for appellants to have filed a motion for new trial and/or an appeal with respect to the judgment of possession. An action asserting the nullity of a judgment cannot be substituted for a timely appeal. See *Succession of Mizell*, 708 So.2d at 807.

Additionally, appellants have failed to allege any grounds that would support nullifying the judgment of possession under Article 2004, which permits the nullification of a judgment obtained "by fraud or ill practices." Article 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is broad enough to encompass all situations where a judgment is obtained through some improper practice or procedure. An "ill practice" is any improper practice or procedure that operates, even innocently, to deprive a party of some legal right. *Mike v. Bob's Painting*, 07-2190 (La. App. 1st Cir. 9/26/08), 995 So.2d 43, 47.

A judgment is subject to nullification as the product of fraud or ill practices when: (1) the circumstances under which the judgment was rendered show the deprivation of the legal rights of the litigant seeking relief; and (2) enforcement of the judgment would be unconscionable or inequitable. *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-0149 (La. 10/16/01), 800 So.2d 762, 766; *Johnson v. Cain*, 08-0936 (La. App. 1st Cir. 11/14/08), 999 So.2d 51, 53, writ denied, 09-0295 (La. 4/3/09), 6 So.3d 773.

A "deprivation of legal rights" is conduct preventing an opposing party from having an opportunity to appear and assert a defense or depriving him of a fair or impartial trial. See *Wright v. Louisiana Power & Light*, 06-1181 (La. 3/9/07), 951 So.2d 1058, 1067-68; *M.P.W.*, 136 So.3d at 44.

In considering an action for nullity under Article 2004, courts must review the claim closely since, as previously noted, an action for nullity is not a substitute for an appeal or a second chance to prove a claim. The purpose of the action is to prevent an injustice that could not have been corrected through a new trial or appeal. *Belle Pass Terminal, Inc.*, 800 So.2d at 766; *First Bank & Trust v. Sharp*, 17-0284 (La. App. 1st Cir. 2/20/18), 243 So.3d 16, 20.

The party seeking annulment of a judgment must show how he was prevented or excused from asserting his claims or defenses or was otherwise deprived of a fair

or impartial trial. See *M.P.W.*, 136 So.3d at 44; *Mike*, 995 So.2d at 47. In this case, appellants have not made any allegations or presented any proof of conduct constituting fraud or ill practices. They received actual notice of the contradictory hearing held on the proposed petition for possession. Glynne and Charles appeared at the hearing, although Milton Jr. was out of the country and was unable to attend. Moreover, Glynne and Charles each had an opportunity to address the district court and fully state the objections they and Milton Jr. had to the proposed judgment of possession. Further, after the judgment of possession was rendered in October 2006, appellants were given notice of the judgment but, for whatever reason, did not file a motion for new trial or take an appeal from the judgment. Given the circumstances, the record herein does not show any deprivation of appellants' legal rights or an unfair hearing. Accordingly, no grounds for annulment of the October 2006 judgment of possession having been shown, we find no error in the district court judgment denying appellants' rule to annul the judgment of possession and to re-open the decedent's succession.[6]

## CONCLUSION

For the above reasons, the April 4, 2019 judgment of the district court is affirmed. Appellants are to pay all costs of this appeal.

**AFFIRMED.**

---

[6] Because it is unnecessary to the result reached, we express no opinion on the merits of appellants' claim regarding alleged non-compliance with Article 3031.